# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4320 | **DATE** | 7/11/2011 |
| **CASE TITLE** | Burton, et al vs. Standard Consumer USA, et al | | |

**DOCKET ENTRY TEXT**

We deny Burton's application to proceed in forma papueris (4) without prejudice as to refiling. If Burton chooses to submit another IFP application, he must review the affidavit carefully, respond in full to each question, and sign the affidavit thus attesting to its truth. We need not address the sufficiency of the complaint at this time. As Burton has not established indigence, we deny his motion (5) for appointment of counsel, which we add is also unsigned. In addition, Burton's motion does not demonstrate that he needs counsel at this time or exhausted the search for a private attorney.

■[ For further details see text below.]                                   Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Plaintiff Anthony Burton filed an application to proceed *in forma pauperis* and a motion for appointment of counsel in his case against Santander Consumer USA, Drive Financial Services, and Bob Watson Chevrolet, Inc. In the complaint, Burton and his wife allege, among other things, that defendants violated the Equal Credit Opportunity Act and the Illinois Consumer Fraud and Accepted Business Practices Act, and are liable for negligent and fraudulent conduct. Before granting leave to file *in forma pauperis*, we must first determine whether Burton is indigent. 28 U.S.C. § 1915(a)(1). We also typically review the complaint and dismiss it if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A), (B)(I)-(iii).

Although Burton submitted a financial affidavit in support of his allegation of poverty, that affidavit is incomplete in several critical aspects. For example, Burton failed to respond to the affidavit's second question, which asks about his employment. Burton neglected to tell us whether he is employed and, if so, where he works and how much he earns. (IFP & Fin. Aff. ¶ 2.) Burton also failed to fully answer question three regarding his wife's income; although Burton reports that she is employed, he did not provide her employer or monthly wage information. (*Id.* ¶ 3.) Similarly, Burton did not respond to question 4(a), which asks whether he or anyone living in his home received more than $200 in the past twelve months in salary or wages. (*Id.* ¶ 4(a).) Burton's family income is likely the most important factor we must consider when evaluating his application, and we cannot grant him IFP status without these details. Burton also declined to sign his affidavit. The information therein is not reliable without his signature and sworn declaration that the affidavit is true and correct. For these reasons, we deny Burton's application without prejudice as to refiling. If Burton chooses to submit another IFP application, he must review the affidavit carefully, respond in full to each question, and sign the affidavit thus attesting to its truth. We need not address the sufficiency of the

| STATEMENT |
|---|
| complaint at this time. |

As Burton has not established indigence, we deny his motion for appointment of counsel, which we add is also unsigned. In addition, Burton's motion does not demonstrate that he needs counsel at this time or exhausted the search for a private attorney. In order for us to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See also Pruitt v. Mote*, 503 F.3d 647, 655–58 (7th Cir. 2007); *Johnson v. Doughty*, 433 F.3d 1001, 1006–09 (7th Cir. 2006); *Marshall v. Krzoska*, No. 07 C 960, 2008 WL 552681, at \*1–2 (E.D. Wis. Feb. 27, 2008). Although we cannot quite read his writing, Burton's motion attempts to identify only one single lawyer or firm he has contacted about this case. (Mot. ¶ 2.) This meager effort is not reasonable. Moreover, we typically require a litigant to submit documentation that demonstrates the refusal of numerous attorneys to accept the case. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at \*1 (N.D. Ill. Nov. 10, 2003). Burton did not support his motion with copies of any solicitation letters or other documentation to prove he has tried in earnest to retain counsel. Finally, the legal issues raised in Burton's complaint are not so complex or intricate that a trained attorney is necessary at this time. Burton seems sufficiently capable to proceed at present without representation, particularly given the effort evidenced by his detailed and clear complaint.

For the reasons set forth above, we deny Burton's application to proceed *in forma pauperis* and motion for appointment of counsel. It is so ordered.