Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4320 | **DATE** | 8/24/2011 |
| **CASE TITLE** | Burton vs. Santander Consumer USA, et al | | |

**DOCKET ENTRY TEXT**

Presently before us is Alicia Burton's ("Ms. Burton") motion to proceed *in forma pauperis* with her seven-count complaint against Santander Consumer USA, Drive Financial Services, and Bob Watson Chevrolet, Inc. (Dkt. No. 7.) Because Ms. Burton has satisfied the criteria to proceed *in forma pauperis*, her motion (7) is granted. As of now, however, we are still not inclined to appoint the Burtons an attorney. Nothing in the record indicates that the Burtons have reasonably exhausted their search for private counsel. *Zarnes v. Rhodes*, 64 F.3d 285, 288. The Clerk of the Court is directed to issue summons and complaint to the U.S. Marshal's Service for service on defendant(s). A status hearing is set for 10/13/11 at 10:30 a.m., in Courtroom 2525.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

# ORDER

Presently before us is Alicia Burton's ("Ms. Burton") motion to proceed *in forma pauperis* with her seven-count complaint against Santander Consumer USA, Drive Financial Services, and Bob Watson Chevrolet, Inc. (Dkt. No. 7.) Alicia Burton is a co-plaintiff with her husband, Anthony Burton ("Mr. Burton"), whose prior application to proceed *in forma pauperis* we denied on July 11, 2011. (Dkt. Nos. 4 & 8.) While Mr. Burton's application was pending, Ms. Burton filed the application now before us. We denied Mr. Burton's application because of several important omissions, which have been remedied in Ms. Burton's application. Because the Burtons are indigent and their claim is not frivolous, Ms. Burton's motion to proceed *in forma pauperis* is granted.

Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We then review her complaint and dismiss it if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Pursuant to Rule 12(b)(6), we may dismiss a complaint if it fails to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," or if it fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

In Ms. Burton's *in forma pauperis* application, she indicates that she is married with one dependent child, Arkier Burton. (Dkt. No. 7 at 2–3.) In Mr. Burton's prior application, he indicated that in addition to Arkier Burton he has another child, Dwayne Smith, who he also claims as a dependent. (Dkt. No. 4 at 3.) In the complaint, the Burtons are described as "a family of five." (Dkt. No. 1 ¶ 27.) While these discrepancies may be explainable, they do complicate the indigency determination. The federal poverty guidelines establish different thresholds for indigency based on family size. The threshold for a family of three living in the continental United States is $18,530, whereas the threshold for a family of four is $22,350. *See* 2011 Health and

| **STATEMENT** |
|---|

Human Services Poverty Guidelines, *available at* http://aspe.hhs.gov/poverty/11poverty.shtml. According to her application, Ms. Burton earns a monthly income of $1,800, which amounts to $21,600 annually. (Dkt. No. 7 at 1.) Mr. Burton is not employed and currently receives $200 per month in food stamps. (*Id.* at 2.) If we count the Burtons as a family of three, in accordance with Ms. Burton's application, then the Burtons would fall above the applicable poverty guideline. If we count her husband's other dependent child, Dwayne Smith, as part of the Burton household, then the Burtons are below the applicable poverty guideline. At this point, we are willing to give Ms. Burton the benefit of the doubt. We do so in part based on the fact that her husband receives $200 in food stamps per month, indicating that the Burtons are "unable to pay" the filing fee within the meaning of the *in forma pauperis* statute. 28 U.S.C. § 1915 (a)(1). (Dkt. No. 4 at 2.) Thus, the Burtons are indigent.

The Burtons' complaint is also sufficient for our present purposes. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The complaint alleges in detail the circumstances under which the Burtons claim they were misled in the course of financing and purchasing an automobile in violation of federal and state law. (Dkt. No. 1 ¶¶ 1–60.) Thus, the allegations provide adequate notice to the defendants of the claims against them. *Twombly*, 127 S. Ct. at 1964.

Because Ms. Burton has satisfied the criteria to proceed *in forma pauperis*, her motion is granted. As of now, however, we are still not inclined to appoint the Burtons an attorney. Nothing in the record indicates that the Burtons have reasonably exhausted their search for private counsel. *Zarnes v. Rhodes*, 64 F.3d 285, 288.